

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DAWSON COLEMAN, *PRO SE*,

          Plaintiff,

    -against-

CITY OF NEW YORK, N.Y.P.D.,
P.O. OGHENEVI OKROKOTO, # 01790,
P.O. RASHAAN NEUBIA, # 12394,
HON. CHARLES J. HYNES, D.A. KINGS CO.,

          Defendants.

------------------------------------------------------------------- x

STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE

07 Civ. 4090 (DLI) (LB)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about September 17, 2007, alleging that certain of his federal and state rights were violated; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff DAWSON COLEMAN the sum of ONE THOUSAND TWO HUNDRED AND FIFTY DOLLARS ($1,250) in full satisfaction of all claims, including claims for costs, expenses, and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims



against the named defendants, the City of New York, the New York City Police Department (sued herein as "N.Y.P.D."), Oghenevigho Okrokoto (sued herein as "Oghenevi Okrokoto"), Rashaan Neubia, and Kings County District Attorney Charles J. Hynes, with prejudice, and to release all defendants and any present or former employees or agents of the City of New York, the New York City Police Department, and the Kings County District Attorney's Office, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit Concerning Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, the New York City Police Department, or the Kings County District Attorney's Office.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        3/25, 2008

Dawson Coleman
Plaintiff *Pro Se*
928 East 48th Street
Brooklyn, NY  11203

By: _____
    Dawson Coleman
    Plaintiff *Pro Se*

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
100 Church Street, Room 3-195
New York, New York 10007
(212) 788-0422

By: _____
    Morgan D. Kunz
    Assistant Corporation Counsel

SO ORDERED:

S/DLI

_____
HON. DORA L. IRIZARRY, U.S.D.J.

Dated: Brooklyn, NY
       April 3, 2008

3